## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Act. No.

IOANNIS SFINGOPOULOS,
          Plaintiff

vs.

Jeff Sessions, Attorney General of The United States,
Kirstjen Nielsen, Secretary for the Department of Homeland Security,
Francis Cissna, Director United States Citizenship and Immigration Services,
Tim Houghton, District Director for New York CIS District, and
Christopher Wray, Director of the Federal Bureau of Investigations,
          Defendants.

## COMPLAINT FOR DE NOVO NATURALIZATION AND/OR MANDAMUS

### I.     BACKGROUND AND STATEMENT OF CASE AND FACTS

Plaintiff Ioannis Sfingopoulos, files this complaint for de novo Naturalization and/or a Writ of Mandamus seeking the following relief: (1) adjudication of his naturalization application which has been pending with the Citizenship and Immigration Services since April 4, 2017. [Exhibit 1, I-797 Receipt of Notice for Naturalization Application]. This Court may grant *de novo* review of the application under INA section 336(b); 8 U.S.C. §1447(b), which gives the District Court exclusive jurisdiction over naturalization applications which have been pending for more than 120 days. 8 U.S.C. §1421; 8 U.S.C. §1427; 8 C.F.R. §§103.1(g)(2)(ii), and 316.2 United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). Plaintiff also seeks declaratory and injunctive relief to protect his constitutional and statutory rights as a lawful permanent resident (LPR) to timely adjudication of his N-400 Application for United States Citizenship.

Plaintiff is a lawful permanent resident who obtained his residency on May 12th, 2012. [Exhibit 2, Resident Alien Card]. Petitioner resides in New York within the jurisdiction of the New York District of Citizenship and Immigration Service.

Plaintiff has resided as a permanent resident in the United States for the requisite period of time before becoming eligible to apply for United States Citizenship. Immigration and Nationality Act ("INA") § 316(a), 8 U.S.C. § 1427(a).

On April 4, 2017, Plaintiff paid the $725.00 fee for an application for citizenship and for processing his fingerprints and submitted his application for adjudication by USCIS 8 C.F.R. §§316.4, 103.7. [Exhibit 3, N-400 Application for Naturalization, and Exhibit 1, I797- Receipt Notice for the N-400]. On October 18, 2017, he was interviewed by Officer Court on the application for naturalization. [Exhibit 4, Request for Applicant to Appear for Naturalization Interview]. He passed the required English and U.S. history and government tests. INA §312(a)(1-2), 8 U.S.C. §1423(a)(1-2). [Exhibit 5, Naturalization Interview Results]. At that time, he was told that a decision could not yet be made about his application. [Exhibit 5, Naturalization Interview Results]. On January 26th, 2018, Plaintiff called to make an inquiry about the status of his application.  On February 15th, 2018 Plaintiff contacted the USCIS New York Field Office again to get an update on his case. On March 6, 2018, Plaintiff appeared for an InfoPass appointment but was still unable to obtain any information regarding his application.  On March 27th, 2018, counsel for Plaintiff sent a follow-up request to Officer Court.  [Exhibit 6, the follow-up letter].  To date there has been no response.

Although having completed his application for United States Citizenship, Plaintiff has been waiting since October 18, 2017 for a decision on his application. Such inaction violates Plaintiff's statutory and constitutional rights.

As a Lawful Permanent Resident, he has acquired all the rights and obligations federal law accords persons with legal permanent resident status. Plaintiff is lawfully in the United States and has the right to apply for United States Citizenship. United States Citizenship is a cherished privilege that brings with it the right to fully participate in our democracy - to vote, serve on a jury, and to hold public office. United States Citizenship also allows certain individuals to engage in employment that is limited to

United States Citizens. Citizenship protects individuals from the ever expanding web of civil and criminal offenses that render an individual removable from the country. United States Citizenship confers the benefit of allowing such individuals to file petitions for other members of their family and, in some cases, shorten or eliminate the lengthy backlogs in family categories. Citizenship confers other business-related benefits such as the ability to apply for federal small-business loans and to travel abroad more freely. Plaintiff, however cannot fully enjoy these rights.

Plaintiff seeks an Order in Mandamus from this court ordering USCIS to immediately complete processing of his naturalization application. Alternatively, plaintiff seeks *de novo* review of his naturalization application under INA section 336(b); 8 U.S.C. §1447(b) which allows for jurisdiction in the United States District Court over naturalization claims that have been pending for more than 120 days after the initial interview. Finally, Plaintiff seeks declaratory and injunctive relief requiring Defendants to complete all necessary security checks and fully adjudicate Plaintiff's naturalization application forthwith.

## I. JURISIDICTION

1.      This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction 28 U.S.C. §§ 1331, 1361, and 2201. This Court may grant relief pursuant to 28 U.S.C. §§ 1361, 2201, 2202, and 5 U.S.C. § 702 et seq.

2.      Jurisdiction is not barred by the REAL ID amendments to the judicial review provisions of the Immigration and Nationality Act since this action does not challenge a final removal order, or a discretionary determination. Pub. L. No. 109-13 (May 11, 2005), amending INA section 242; 8 U.S.C. §1252. In addition, 8 U.S.C. 1252(b)(2)(B)(ii)(as amended by REAL ID), states that it applies to agency decisions or action, "the authority for which is specified *under this title*" to be discretionary. The "title"

3

referred to is Title II of the INA. *See* INA §310 et seq., 8 U.S.C. §1421 et seq. Thus, 8 U.S.C.

§1252(b)(2)(B)(ii) is not an issue with regard to review of naturalization applications.

3.       Should the Court review this case through Mandamus, jurisdiction is also not barred. Mandamus

review is not available to challenge discretionary determinations. In this case, Plaintiff seeks adjudication

of, rather than approval of his naturalization application.

4.       This complaint also arises under INA §336(b); 8 U.S.C. §1447(b) which allows for de novo

jurisdiction in the United States District Court over naturalization claims that are not adjudicated within

120 days of the interview. 8 U.S.C §1421; 8 U.S.C. §1427; 8 C.F.R. §103.1(g)(2)(ii), 8 C.F.R. §310.2,

and 8 C.F.R. §316.3.

## II. VENUE

5.       Venue lies in the United States District Court for  Southern District of New York because at least

one defendant in this action resides in such district. 28 U.S.C. § 1391Є. In addition, the Plaintiff resides in

the jurisdiction of the New York District of CIS, and a substantial portion of the events in this litigation

occurred in this judicial district. Furthermore, Defendants are officers or employees of federal agencies of

the United States government, acting in their official capacity under color of legal authority.

## III. PARTIES

6.       Plaintiff, Ioannis Sfingopoulos is a lawful permanent resident of the United States and resident of

the State of New York. He obtained his lawful permanent residence status on May 12th, 2012. [Exhibit 2,

Lawful Permanent Resident Card].

7.       As a lawful permanent resident, he is protected by the Due Process Clause of the Fifth

Amendment. Plaintiff has applied for United States Citizenship as allowed under the Immigration and

Nationality Act and has paid the fees and fully complied with all of the obligations of the application.

8.      Defendant Tim Houghton is the USCIS District Director of the New York District of the CIS. In his capacity as CIS District Director, Mr. Houghton administers the immigration laws on behalf of the Secretary for Homeland Security (hereinafter "Department of Homeland Security or DHS") in the state of New York. In his position, he has decision-making authority with respect to the matters alleged in this complaint by Plaintiff whose immigration case is in the control of the New York Office. He has been delegated the authority under 8 C.F.R. §310.2 to control all activities within the New York District, including authority to grant or deny naturalization applications. He is sued in his official capacity.

9.      Defendant Francis Cissna, is the Director of CIS of the DHS. In his capacity as Director of CIS, Mr. Cissna is responsible for the administration of immigration benefits and services including the processing of citizenship applications, family and employment-based petitions, alien registration, asylum and refugee processing, and issuance of documentation evidencing immigration status and citizenship. As such, he has decision-making authority over the matters alleged in this complaint, specifically CIS's failure to adjudicate the naturalization application and complete the necessary "name" checks in a timely manner. INA §310, 8 U.S.C. §1421, et seq. He is sued in his official capacity.

10.     Defendant Kirstjen Nielsen is the Secretary of Homeland Security. Secretary Nielsen is charged with, among other things, administering the CIS and the implementation and enforcement of the Immigration and Nationality Act. As such, she has ultimate decision-making authority over the matters alleged in this complaint, specifically CIS's failure to adjudicate the naturalization application and complete the "name" checks in a timely manner. INA §310, 8 U.S.C. §1421 et seq. She is sued in her official capacity.

11.     Defendant Jeff Sessions is the Attorney General of the United States, and as such, is the head of the United States Department of Justice and the Chief Law Enforcement Officer of the Federal Government. The Attorney General has the power to naturalize persons as citizens of the United States, 8 U.S.C. §1421(a). The Attorney General is also ultimately responsible for the Federal Bureau of

5

Investigation, a subdivision of the Justice Department. The Attorney General is sued here in his official capacity.

12. Defendant Christopher Wray is the Director of the Federal Bureau of Investigations ("FBI"). As Director of the FBI, he is charged with administering the FBI and its various subsets. As such, he has ultimate decision-making authority over the matters alleged in this complaint, specifically, the timely processing of security checks for purposes of adjudication of naturalization applications. He is sued in his official capacity.

## IV. LEGAL FRAMEWORK

### A. NATURALIZATION

13. Plaintiff is a lawful permanent resident of the United States having obtained his residency on May 12th, 2012. [Exhibit 2, Lawful Permanent Resident Card].

14. Plaintiff has resided as a lawful permanent resident for the required statutory period of time necessary to qualify him to be eligible to file for naturalization. INA §316(a).

15. Beginning ninety days before the completion of the required residency period, applicants for naturalization may commence the application process by submitting form N-400 to the Service Center with jurisdiction over the applicant's place of residence for preliminary processing along with the required filing fees of $640 and an additional fee of $85.00 for processing of fingerprints and biometrics. 8 C.F.R. §§310.2; 334.2(a); 103.7. [Exhibit 3, Application for Naturalization].

16. The Service Center processes the application and schedules the applicant for fingerprints and for an examination. 8 C.F.R. §310.2, 334.2(a). The case is then transferred to the District office for the naturalization interview and examination.

6

17.     The regulations require that the interview and examination cannot be scheduled until CIS has

received a definitive response from the FBI that a full criminal background check of an applicant has been

completed. 8 C.F.R §335.2(b).

18.     The fingerprints are conducted at a local Application Support Center and are electronically

transmitted to the FBI. In most cases, the FBI processes and returns the results to the CIS in 24 hours.

19.     Currently, cases are being set for interview and examination in New York within 3 to 8 months

from the time of filing.

20.     The applicant must appear for an initial examination. INA §335(a); 8 U.S.C.
§1446(a); 8 C.F.R. §335.1. At the examination, the applicant is interviewed regarding the responses on
the N-400 to determine statutory eligibility for naturalization and to elicit all information on eligibility. 8
C.F.R. 335.2(a). Generally, the applicant must demonstrate the required period of physical residency,
good moral character during the period, and also demonstrate that he or she is positively disposed to
the principals of the United States Constitution and willing to take an oath of allegiance to the United
States. 8 C.F.R. §335.2(a).
21.     The applicant is also required to pass a test of English comprehension including written and
spoken English, unless exempted. 8 C.F.R. §312.1(c)(1).
22.     If there are deficiencies in the application, or the individual does not pass the English or civics
examination, the applicant is offered the opportunity to overcome the deficiencies, and/or retake the
examination. The applicant must be offered at least 60 days to overcome such deficiencies. 8 C.F.R.
§312.5(a).
23.     Under all circumstances, the regulations require CIS to schedule a second interview within the 120
day period after the initial application and/or make a decision to grant or deny a naturalization
application within 120 days of the interview. 8 C.F.R. §335.3(a). The statue confirms that if the CIS does
not make a decision within the 120 day period after the examination, the applicant may request that the
U.S. District Court take jurisdiction over the case and intervene either by deciding to naturalize the
applicant or by ordering the CIS to make a decision on the case. INA §336(b), 8 U.S.C. §1447(b).
24.     The CIS officer must grant the application if the applicant has compiled with all the requirements
for naturalization. There is no discretion involved in these determinations. 8 C.F.R. §335.3(a).
25.     If the application is denied, such denial must be within 120 days of the initial interview. 8 C.F.R.
§336.1(a). Such denial must be written in narrative form and contain a concise, clear explanation of the
facts which serve as the basis for the denial, the section of law applicable which bars the applicant from
admission to citizenship, and the legal reasons supporting the denial. 8 C.F.R. §336.1(b). It must also
include an explanation of the applicant's right to administrative review. Id. This notice must be served in
person or by certified mail at the applicant's last known address. 8 C.F.R §336.1(c). The application and
file are then transferred to the CIS officer in charge of conducting administrative reviews of denials. 8

C.F.R. §335.4.

26.    If the case is approved, the applicant is scheduled for an oath ceremony at which time the individual formally takes an oath of allegiance to the United States and receives his or her naturalization certificate. INA §337(a), 8 U.S.C. §1448(a).

27.    Plaintiff has compiled with all statutory and regulatory requirements for his application for naturalization. He is eligible for citizenship as a matter of law, and there are no apparent bases for the delay other than (possibly) the pending name check.

28.    Plaintiff has exhausted all administrative remedies on the case.

29.    Since the date of the October 18th, 2017 interview, the naturalization application has been pending for 237 days as of the date of this filing.

## VII. CLAIMS FOR RELIEF
### Count One
### NATURALIZATION

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

31.    Plaintiff seeks a determination by the Court that he meets the requirements for naturalization and is to be naturalized as a United States Citizen without further delay. Pursuant to 8 U.S.C. §1447(b), this Court should exercise its authority to grant Plaintiff's naturalization application.

### Count Two
### FIFTH AMENDMENT

32.    Plaintiff re-alleges and incorporates the paragraphs 1-29 above.

33.    Defendants' policies, practices or customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights.

### Count Three
### MANDAMUS ACTION
### 24 U.S.C § 1361

34.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

35.    Defendants are charged with the responsibility of administering and implementing the Immigration and Nationality Act. Defendants bear sole responsibility for providing a determination on all checks so as to approve the naturalization application within the statutory framework and timeline. Defendants' failure to discharge their statutory obligations is injuring Plaintiff. Defendants should be compelled to perform a duty owed to Plaintiff. Namely, the non-discretionary adjudication of the naturalization application.

8

## Count Four
## ADMISTRATIVE PROCEDURES ACT
### 5 U.S.C. §§ 701 et seq.

36.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

37.   By failing to adjudicate the application within the 120 day period after naturalization interview, Defendants' practices and procedures violate the Administrative Procedures Act and constitute agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. §§ 701 et seq.

38.   The Administrative Procedures Act requires administrative agencies to conclude matter presented to them "within a reasonable time". 5 U.S.C. §555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. §706(1). The Court may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. §796(2)(C); or "without observance of procedure required by law," 5 U.S.C 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

39.   The failure of the defendants to adjudicate the naturalization application within 120 days of the date of naturalization is in violation of 8 U.S.C. §1446(d) and 8 C.F.R. §335, violates the Administrative Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

40.   Even if the failure of the Defendants is due to a delay in "name checks," there obligation to timely complete name checks with the full knowledge that CIS requires the completion of such name checks for adjudication of applications for naturalization of the plaintiff  violates the Administrative Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

41.   The failure of the Defendants to set deadlines for completing name checks and to take all the other reasonable steps necessary to complete the adjudication of application for naturalization of the Plaintiff is in violation of 8 U.S.C. §1446(d) and 8 C.F.R. §335 violates the Administrative Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

## Count Five
## DECLARATORY JUDGEMENT ACT

42.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

43.   Plaintiff contends that Defendants actions are unconstitutional, violate the INA, and are arbitrary and capricious and seek a declaration to that effect. 28 U.S.C. §2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1.   Assume jurisdiction over this matter;

2.   Review *de novo* and grant the Plaintiff's application for naturalization. 8 U.S.C. §1447(b).

3.   Order Defendants to promptly adjudicate, in a time period not to exceed 45 days, the currently pending application for naturalization.

4.   Declare that Defendants' policies, practices and customs which deprive Plaintiff of his right to an adjudication of his naturalization application within the statutory 120 day timeframe violates the United States Constitution, the Immigration and Nationality Act and the Administrative Procedures Act;

5.   Declare that Defendants' practices violate legal duties owed to Plaintiff under the immigration and Nationality Act;

6.   Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412; and

7.   Grant such other and further relief as may be just and proper.


Respectfully submitted,


Sally S. Attia
Attorney for Plaintiff
125-10 Queens Blvd. Suite 7
Kew Gardens, NY 11415
T: (718)725-7347
F: (866)929-0726
E: attialaw@gmail.com

10